IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROY HERNANDEZ, JR., *Plaintiff* § § § § | |
| § | SA-24-CV-00009-XR |
| -vs- § § | |
| BEXAR COUNTY, *Defendant* § § § | |

# ORDER

On this date, the Court considered Defendant's motion to dismiss Plaintiff's first amended complaint (ECF No. 8), Plaintiff's response (ECF No. 9), and Defendant's reply (ECF No. 10). After careful consideration, the Court issues the following order.

## BACKGROUND

On November 1, 2021, Plaintiff Roy Hernandez, Jr. was arrested and booked into the Bexar County Jail for theft of aluminum, copper, and/or brass. ECF No. 5 ¶ 5. Four days later, Plaintiff was released on bond. *Id.* However, Plaintiff thereafter failed to report to his pre-trial services officer and to appear. *Id.* Thus, a warrant was issued for his arrest, and Plaintiff was arrested on November 20, 2021 and again was booked into the Bexar County Jail. *Id.*

On or about January 4, 2022, Plaintiff alleges, he was beaten by unidentified Bexar County officers at the Bexar County Jail.[1] As a result, Plaintiff allegedly suffered severe and permanent

---

[1] Plaintiff equivocates regarding this date. Plaintiff first states that his beating allegedly took place on January 4, 2022. ECF No. 5 ¶ 5. In his response, Plaintiff asserts that he was transported to the emergency department on January 10, 2022. ECF No. 9 at 2. At the May 7, 2024 hearing, Plaintiff's counsel represented that the beating took place on January 9 or 10.

1

injuries—including multiple internal injuries, traumatic brain injury, facial lacerations and fractures, a throat-crushing injury, broken teeth, and puncture wounds.[2]

On January 4, 2024, Plaintiff filed suit in this Court against Bexar County, asserting two claims under 42 U.S.C. § 1983 for unconstitutional conditions of confinement. ECF No. 1. On February 8, 2024, Bexar County moved to dismiss Plaintiff's claims, arguing that Plaintiff failed to allege any plausible unconstitutional condition of confinement claim under § 1983. ECF No. 4.

On February 23, 2024, Plaintiff filed his first amended complaint ("FAC"), reasserting his two unconstitutional conditions of confinement claims and adding an episodic-act-or-omission claim under § 1983. ECF No. 5.[3] According to Plaintiff's FAC, Bexar County violated his constitutional rights by allowing improperly trained, hired, and supervised officers to beat him. *Id.* ¶ 9. Moreover, Plaintiff asserts that Bexar County violated his rights through its custom/policy of failing to protect inmates from "savage beating[s]," disregarding mental health history and acute mental health symptoms, and failing to adequately supervise Plaintiff's "pod unit" in which he was housed. *Id.* ¶ 19. Plaintiff contends that the policies, practices, and procedures of Bexar County ultimately led to his injuries. *Id.* ¶ 176.

On March 8, 2024, Bexar County moved to dismiss Plaintiff's FAC, arguing that (1) Plaintiff fails to allege facts sufficient to give rise to a viable conditions of confinement claim or episodic-acts-or-omissions claim, and (2) in any event, Plaintiff fails to allege facts demonstrating an official policy for which Bexar County can be held liable under *Monell*. ECF No. 8.

---

[2] Bexar County argues no officer-involved altercation occurred and that hospital records shared during discovery indicate that Plaintiff was suffering from a severe case of COVID-19 resulting in respiratory failure which caused him to fall and hit his head. ECF No. 11 at 3.

[3] As a result of Plaintiff's FAC, the Court denied as moot Bexar County's motion to dismiss Plaintiff's original complaint (ECF No. 4). *See* February 26, 2024 Text Order.

**DISCUSSION**

## I.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain a recovery.") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions'

3

devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to the plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions").

## II.     Analysis

In essence, Bexar County argues that Plaintiff alleges no facts to demonstrate either a formal or a *de facto* Bexar County policy sufficient to give rise to municipal liability. *See generally* ECF No. 8.

To properly pursue any of his § 1983 claims against Bexar County, Plaintiff must allege facts indicative of an official policy or custom adopted by Bexar County. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–95 (1978); *Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019). To do so, Plaintiff could have alleged a formal or written policy, or "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Hicks-Fields v. Harris Cnty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017) (alterations in original) (quoting *Webster v. City of Hous.*, 735 F.2d 838, 841 (5th Cir. 1984)).

In the latter instance, the alleged "pattern must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees. A pattern requires similarity, specificity, and sufficiently numerous prior incidents." *Davidson v. City of Stafford,*

*Texas*, 848 F.3d 384, 396 (5th Cir. 2017), *as revised* (Mar. 31, 2017) (citations and internal quotations omitted). Indeed, this standard is a high one to meet. *See id.* at 396–97 (holding that three similar incidents over three-and-a-half years are not enough to establish a sufficient pattern).

Here, Plaintiff does not allege Bexar County has any formal or written policy relevant here. *See* ECF No. 5. Plaintiff alleges (1) there is a "Bexar County [Jail] written policy regarding supervision and control of inmates provided for a maximum time interval for observation of detainees" that is "apparently contrary to TCJS minimum standards;" and (2) that "Bexar County allowed jailers to cover all or a portion of windows in cell doors required to conduct appropriate face-to-face observation of detainees." *Id.* ¶ 177. However, neither policy relates to the circumstances of Plaintiff's alleged injuries.

In addition, Plaintiff's FAC attempts to demonstrate a sufficient pattern or practice to hold Bexar County liable for a *de facto* policy under *Monell* based on numerous prior incidents as well as published news articles and reports regarding jail conditions. *Id.* ¶¶ 22–175. In relevant part, Plaintiff's FAC alleges (1) other section 1983 cases involving Bexar County Jail inmates, *id.* ¶ 24, (2) various news articles detailing a broad array of problems at the Bexar County Jail, *id.* ¶¶ 25–44 (3) inspection reports regarding the conditions at the Bexar County Jail, *id.* ¶¶ 45–64 and (4) over 100 inmate deaths that have allegedly taken place in, or because of conditions at the Bexar County Jail, *id.* ¶¶ 66–175. However, in doing so, Plaintiff fails to demonstrate how any of these alleged suits, incidents, articles, or reports relate to Plaintiff's alleged beating.

Plaintiff alleges that he was severely beaten by Bexar County officers. But upon review, none of the inmate deaths mentioned in the FAC were the result of similar circumstances. *See id.* ¶¶ 66–175. Indeed, none of the deaths cited by Plaintiff involve any allegation that officers used excessive force against an inmate, severely beating him while in custody. *Id.* Instead, most

incidents cited by Plaintiff concern the failure of Bexar County officers to adequately observe inmates, with officers only realizing after some period of time that a particular inmate was unresponsive or deceased. *Id.*[4] The allegations in Plaintiff's FAC do not establish a pattern of similar, specific, and numerous prior incidents to establish *Monell* liability with respect to the claims in this suit, as required under *Davidson*, 848 F.3d at 396.

The Court also notes that Plaintiff neither explains the similarity of the prior lawsuits brought against Bexar County to the instant suit nor indicates that any lawsuit resulted in Bexar County being found liable. ECF No. 5 ¶ 24.

Further, though Plaintiff cites news articles in attempting to demonstrate a pattern or practice, the cited articles are simply irrelevant to the alleged injuries here. For example, one article cited by Plaintiff deals with the inadequacy of locks in the Bexar County Jail. *Id.* ¶ 36. The instant case concerns an alleged beating by Bexar County officers; the adequacy or inadequacy of the locks in the Bexar County Jail are simply not in question or at issue in the instant suit. Similarly, Plaintiff's allegations regarding the inspection report are unrelated to the circumstances of Plaintiff's alleged injuries. *See id.* ¶¶ 45–64. Accordingly, the Court holds that Plaintiff fails to adequately allege a sufficient pattern or practice to hold Bexar County liable under *Monell*.

---

[4] The Court observes that some alleged incidents involve violence by one inmate against the other, *id.* ¶¶ 120, 157, and others leave open to interpretation the cause of "blunt force trauma," *id* ¶ 167. However, none involve allegations that Bexar County Jail officers used excessive force against an inmate in their cell. *See id.* ¶¶ 66–175.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss (ECF No. 8) is **GRANTED**. Plaintiff's claims are **DIMISSED WITH PREJUDICE**. A final judgment will issue separately pursuant to Rule 58.

It is so **ORDERED**.

**SIGNED** this 27th day of June, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE